**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

|  |  |
|---|---|
| AEROTEK, INC.,<br>7301 Parkway Drive<br>Hanover, Maryland 21076<br>Anne Arundel County<br><br>    Plaintiff,<br><br>  v.<br><br>BABCOCK & WILCOX SOLAR ENERGY, INC. f/k/a FOSLER CONSTRUCTION COMPANY, INC.,<br>15801 Brixham Hill Avenue, Ste 150,<br>Charlotte, North Carolina 28277<br>Mecklenburg County<br><br>**SERVE ON:**<br>United Agent Group Inc.<br>1320 Tower Road<br>Schaumburg, Illinois 60173<br><br>    Defendant. | Case No.: 1:24-cv-177<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Aerotek, Inc. ("Aerotek"), for its Complaint against Defendant Babcock & Wilcox Solar Energy, Inc. f/k/a Fosler Construction Company, Inc. ("B&W Solar"), states and alleges as follows:

## PARTIES

1. Plaintiff Aerotek is a staffing services firm incorporated in and authorized to transact business under the laws of the State of Maryland. Aerotek's principal place of business

is located at 7301 Parkway Drive, Hanover, Maryland 21076. Aerotek is therefore a citizen of Maryland.

2.      Fosler Construction Company, Inc., pursuant to public records and upon information and belief, is now known as Babcock & Wilcox Solar Energy, Inc.

3.      Defendant B&W Solar is a corporation duly organized under the laws of Illinois. Upon information and belief, B&W Solar's principal place of business located at 15801 Brixham Hill Avenue, Ste 150, Charlotte, North Carolina 28277. B&W Solar is therefore a citizen of Illinois and North Carolina.

**JURISDICTION AND VENUE**

4.      Aerotek hereby adopts by reference, as though fully set forth herein, each and every allegation contained in the above paragraphs.

5.      This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs and is between a citizen of Maryland and a citizen of both Illinois and North Carolina.

6.      This Court has personal jurisdiction over B&W Solar because it entered into a contract in Maryland and failed to remit payment to Aerotek in Maryland under the parties' contract. Further, B&W Solar consented to personal jurisdiction in this Court in its contract with Aerotek.

7.      This Court is the appropriate venue under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims (*i.e.*, a portion of Aerotek's work and the failure to remit payment under the parties' contract) occurred in this District.

**STATEMENT OF FACTS AND ALLEGATIONS**

8.      Aerotek incorporates by reference each and every allegation contained in the above paragraphs.

9.      On or about July 7, 2022, B&W Solar entered into a Services Agreement ("Agreement") with Aerotek to obtain staffing services, in the form of contract employees. A true and correct copy of the Agreement between B&W Solar and Aerotek is attached as Exhibit 1.  The Agreement is incorporated into this Complaint by reference.

10.      Pursuant to the Agreement, Aerotek and B&W Solar agreed that B&W Solar would pay Aerotek for the contract employees based on timesheets and invoices that Aerotek submitted to B&W Solar on a weekly basis. (Ex. 1 ¶ 4, "Time Records and Invoices").

11.      Pursuant to the Agreement, Aerotek placed contract employees with B&W Solar for at least four different projects located in New York and Ohio. (Ex. 1 ¶ 2.2, "Services").

12.      B&W contracted with Aerotek for employees to do work on the project, including installing Piles, Racking and Modules.

13.      Aerotek submitted timesheets and invoices to B&W Solar for the work performed by the contract employees, including installing Piles, Racking and Modules, and based upon these timesheets and invoices generated a Statement of Account reflecting the balance owed.

14.      The Agreement required B&W Solar to remit full payment within 30 days of the invoice date (Ex. 1 ¶ 5, "Payment Default"), as specified by the "Due Date" included on each invoice. The Agreement further states that "Invoices that are more than seven (7) days past due are subject to a late charge of one percent (1%) per month on the amount of the past due balance" and "[l]ate charges shall be calculated using the U.S. Method. . . ." (*Id.*).

15.      Aerotek fully performed its contractual obligations to B&W Solar.

16.     B&W Solar failed to pay Aerotek for the staffing services and contract employees provided.

17.     As a result of B&W Solar's failure to make payments to Aerotek for the staffing services rendered, B&W Solar owes Aerotek a principal balance of approximately $7,300,000, late fees, interest, and collection costs, as specified in the Agreement and as available under applicable law.

18.     Despite multiple demands for payment by Aerotek, B&W Solar has refused to pay the amounts due and owing.

19.     B&W Solar unfairly and unjustly reaped the benefit of the contract employees provided by Aerotek.

## COUNT I – BREACH OF CONTRACT

20.     Aerotek incorporates by reference each and every allegation contained in the above paragraphs.

21.     Through the Agreement, Aerotek and B&W Solar executed a valid, binding, and enforceable contract for the provision of staffing services and contract employees.

22.     B&W Solar agreed to pay Aerotek for the staffing services and contract employees it received.

23.     B&W Solar accepted the staffing services and contract employees Aerotek provided.

24.     Aerotek issued and sent to B&W Solar invoices for the contract employees provided.

25.     All other conditions precedent to Aerotek's claim for relief have been performed, have occurred, or have been waived.

4

26.     Invoices sent to B&W Solar were due and payable within thirty (30) days from the invoice date. (Ex. 1 ¶ 5, "Payment Default").

27.     The invoices that Aerotek submitted to B&W Solar were presumed to be accurate and fully payable on the terms contained therein unless disputed by B&W Solar within ten (10) business days of receipt of the invoice. (Ex. 1 ¶ 4, "Time Records and Invoices").

28.     Pursuant to the Agreement, invoices that are more than seven (7) days past due are subject to a late charge of one percent (1%) per month on the amount of the past due balance. (Ex. 1 ¶ 5, "Payment Default").

29.     The Agreement further states that in the event B&W Solar fails to remedy its default within thirty (30) days of written notice of such event, Aerotek may institute proceedings to seek a default judgment. (Ex. 1 ¶ 7, "Collection").

30.     B&W Solar has not remitted payment for the amount owed or otherwise remedied its default within thirty days of written notice from Aerotek.

31.     Aerotek fully performed its obligations under the Agreement by providing the requested employees.

32.     Despite multiple demands, Aerotek did not receive payment in full from B&W Solar for the services provided by Aerotek.  As such, B&W Solar has breached the Agreement.

33.     After accounting for all applicable credits and payments, Aerotek will be owed a principal balance of approximately $7,300,000 under the Agreement.

34.     B&W Solar owes late fees, which have continued to accrue at a rate of one percent per month pursuant to Paragraph 5 of the Agreement.

35.     As a result of B&W Solar's breach of contract, Aerotek has suffered damages of approximately $7,300,000 and is owed principal, interest, late fees, and collection costs, which continue to accrue until this matter concludes.

WHEREFORE, Aerotek seeks a judgment against B&W Solar in an amount not less than $7,300,000 in compensatory damages, plus costs, pre-judgment/post-judgment interest, and such other and further relief as the Court deems appropriate and just.

## COUNT II – ACCOUNT STATED

36.     Aerotek incorporates by reference each and every allegation contained in the above paragraphs.

37.     Aerotek and B&W Solar entered into a transaction wherein Aerotek provided staffing services to Defendants beginning on July 7, 2022, and Defendants promised to pay.

38.     Aerotek invoiced B&W Solar for these services in the amount of approximately $7,300,000, all of which was due and owing to Aerotek.

39.     This transaction gave rise to an indebtedness from B&W Solar to Aerotek in the amount of approximately $7,300,000 for staffing services Aerotek supplied and invoiced to B&W Solar, plus late fees, interest, and costs that continue to accrue until payment in full is received.

40.     Aerotek has made numerous demands and requests upon B&W Solar, reciting the amount of the existing debt owed by B&W Solar to Aerotek.

41.     Pursuant to the Agreement, B&W Solar made an express promise to pay the amount of the existing debt owed by B&W Solar to Aerotek.

42.     B&W Solar breached its express promise to Aerotek by failing to timely pay Aerotek for the staffing services Aerotek provided to B&W Solar.

43.     B&W Solar's breach of its express promise to Aerotek caused damages to Aerotek of approximately $7,300,000.  Also, pursuant to the Agreement, Aerotek is entitled to recover its late fees, interest, and costs that continue to accrue until payment is received in full.

## COUNT III – QUANTUM MERUIT/ UNJUST ENRICHMENT

44.     Aerotek incorporates by reference each and every allegation contained in the above paragraphs.

45.     In the alternative to the claim for breach of contract, B&W Solar is liable to Aerotek for quantum meruit/unjust enrichment.

46.     At all relevant times herein, Aerotek conferred a benefit on B&W Solar in the form of valuable services, in particular, Aerotek provided staffing services and contract employees to B&W Solar.

47.     Aerotek has paid the contract employees for the work done for the benefit of B&W Solar.

48.     B&W Solar voluntarily accepted, retained, and appreciated the benefit of the services that Aerotek provided.

49.     Aerotek enriched B&W Solar by providing these services.

50.     B&W Solar understood that Aerotek expected payment for the staffing services provided, which is further evidenced by the fact that B&W Solar previously paid invoices for services that Aerotek rendered.

51.     The value of the unreimbursed services that Aerotek rendered to B&W Solar is approximately $7,300,000.

52.     B&W Solar has not paid the amount owed and, therefore, continues to owe Aerotek for unreimbursed services provided.

53.     B&W Solar's retention of benefits conferred under these circumstances for services rendered violates fundamental principles of justice, equity, and good conscience; these circumstances render B&W Solar's acceptance of the benefit inequitable unless B&W Solar pays Aerotek for the value of the benefits it received.

WHEREFORE, Aerotek seeks judgment against B&W Solar in an amount not less than $7,300,000 in compensatory damages, plus costs, pre-judgment/post-judgment interest, and such other and further relief as the Court deems appropriate and just.

## REQUEST FOR JURY TRIAL

Plaintiff Aerotek, Inc. respectfully requests a trial by jury on all matters herein.

Dated: January 18, 2024                          Respectfully submitted,


SHOOK, HARDY & BACON L.L.P.


By: */s/ Caitlin R. Convery*
Caitlin R. Convery, Bar No. 20664
1800 K Street, N.W., Suite 1000
Washington, D.C. 20006
Telephone:  202.639.5603
Facsimile:  202.783.4211
cconvery@shb.com

*Attorney for Plaintiff Aerotek, Inc.*

8