IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**AEROTEK INC.,**

    *Plaintiff*,

    v.

**BABCOCK & WILCOX SOLAR ENERGY, INC.,**

    *Defendant*.

Civil No.: 1:24-cv-00177-JRR

## MEMORANDUM OPINION

This matter comes before the court on Defendant Babcock & Wilcox Solar Energy, Inc.'s Motion to Dismiss or Transfer. (ECF No. 15; "the Motion.") The court has reviewed all motions papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2021). For the reasons that follow, by accompanying order, the Motion will be DENIED.

### I.    BACKGROUND

On July 7, 2022, Defendant Babcock & Wilcox Solar Energy, Inc., an Illinois corporation with its principal place of business in North Carolina, entered into a Services Agreement (the "Agreement") with Plaintiff Aerotek, Inc., a Maryland corporation. (ECF Nos. 1 ¶¶ 1, 3, 9; the "Complaint.") Plaintiff performed staffing services and supplied contract employees for Defendant's solar panel installation projects in New York and Ohio. *Id*. at ¶ 11. Plaintiff provided Defendant with weekly timesheets and invoices for the contract employees' work on Defendant's projects. *Id*. at ¶¶ 10, 13. Plaintiff asserts that Defendant failed to pay for the staffing services and contract employees provided. *Id*. at ¶ 16.

The Agreement contains the following forum selection and a choice of law clauses:

> 15.3 Dispute Resolution: All disputes, controversies or differences arising in connection with the validity, execution, performance,

> breach, non-renewal or termination of this Agreement shall be will be [sic] instituted only in the federal courts of the United States of America or the courts of the State of Ohio, and each Party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding.
>
> 15.16 Governing Law: The laws of the State of Ohio shall govern the validity and construction of this Agreement and any dispute arising out of or relating to this Agreement, without regard to the principles of conflict of laws.

(ECF No. 1-2.)

On January 18, 2024, Plaintiff filed the instant action for Breach of Contract (Count I), Account Stated (Count II), and Quantum Meruit/ Unjust Enrichment (Count III). (ECF No. 1 ¶¶ 20–53.) On March 7, 2024, Defendant filed a Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. (ECF No. 15.) Defendant argues that this court lacks personal jurisdiction over Defendant and that venue is not proper in this district. *Id*. Alternative to dismissal, Defendant requests that this court transfer the Complaint to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1406(a). *Id*.

## II.    LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(2)

Defendant seeks dismissal of Plaintiff's Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2). "[A] Rule 12(b)(2) challenge raises an issue for the court to resolve, generally as a preliminary matter." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). "Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *Id.* "[A] court has broad discretion to determine the procedure that it will follow in resolving a Rule 12(b)(2) motion." *Id.* at 268. "[N]either discovery nor an evidentiary hearing is required in order for the court to

2

resolve a motion under Rule 12(b)(2).” *Jones v. Mutal of Omaha Ins. Co.*, 639 F. Supp. 3d 537, 544 (D. Md. 2022).  "When 'the existence of jurisdiction turns on disputed factual questions the court may resolve the [jurisdictional] challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question.'" *Id.* (quoting *Combs*, 886 F.2d at 676).

"When personal jurisdiction is addressed under Rule 12(b)(2) without an evidentiary hearing, the party asserting jurisdiction has the burden of establishing a prima facie case of jurisdiction." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019). "This 'prima facie case' analysis resembles the plausibility inquiry governing motions to dismiss for failure to state a claim under Rule 12(b)(6)." *Id.* The court must determine whether the facts proffered by the party asserting jurisdiction—assuming they are true—make out a case of personal jurisdiction over the party challenging jurisdiction. *Sneha Media & Entm't, LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 196–97 (4th Cir. 2018). Notably, unlike the rubric of Rule 12(b)(6), in resolving a 12(b)(2) motion, "a court may look beyond the complaint to affidavits and exhibits in order to assure itself of personal jurisdiction." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020) (citing *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016)). Accordingly, the court may consider the exhibits Defendant offers in support of its Rule 12(b)(2) argument.  (ECF Nos. 15-1–15-6.)

B. **Federal Rule of Civil Procedure 12(b)(3)**

Defendant additionally seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3).  Rule 12(b)(3) provides that a defendant may move for dismissal on the basis of improper venue.  Dismissal under this provision is appropriate "only when venue is 'wrong' or

'improper' in the forum in which it was brought." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013).

> Venue is proper in:
>
>> 1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>> 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>> 3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

So long as venue is proper under any provision of § 1391(b), a complaint should not be dismissed under Rule 12(b)(3). *Atl. Marine Const. Co.*, 571 U.S. at 56.

On a Rule 12(b)(3) motion, the Court may consider evidence outside of the pleadings. *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 549–50 (4th Cir. 2006). To defeat a Rule 12(b)(3) motion, a plaintiff must make a prima facie showing of proper venue. *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004).

### III. ANALYSIS

#### A. Personal Jurisdiction over Defendant

Defendant, an Illinois corporation with a principal place of business in North Carolina, asserts that Plaintiff must show that this court's exercise of personal jurisdiction is appropriate under Maryland's long-arm statute and comports with due process. (ECF No. 15-1 p. 9.) Plaintiff counters that the forum selection clause in the Agreement subjects Defendant to this court's personal jurisdiction. (ECF No. 18 p. 2.)

4

"Challenges to personal jurisdiction may be waived by either express or implied consent." *Aqua Acceptance, LLC v. Pelican Grp. Consulting, Inc.,* No. 1:20-CV-02802-JRR, 2022 WL 2275465, at *10 (D. Md. June 23, 2022), reconsideration denied, No. 1:20-CV-02802-JRR, 2022 WL 16763730 (D. Md. Nov. 8, 2022) (quoting *Heller Financial Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1290 (7th Cir. 1989)). A valid forum selection clause is sufficient to confer personal jurisdiction on a non-resident defendant. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *see also Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 726 (8th Cir. 2001) (holding that "[d]ue process is satisfied when a defendant consents to personal jurisdiction by entering into a contract that contains a valid forum selection clause").

Generally, under federal common law, courts "favor enforcement" of forum selection clauses, so long as the clause is not unreasonable. *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 649 (4th Cir. 2010). "This presumption of enforceability, however, only applies if the forum selection clause is mandatory rather than permissive." *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2018). In addition, the presumption of enforceability may also be overcome by a clear showing that the provision is "unreasonable under the circumstances." *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (*quoting M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).[1]

In deciding whether a forum selection clause is mandatory or permissive, a federal court applies federal law. *Albemarle*, 628 F.3d at 650. If a contract contains both a forum selection

---

[1] Before enforcing forum selection clauses, courts also consider whether the claims presented are within the scope of the forum selection clause. *Evans v. Cantor Insurance Group, LP*, No. GJH-21-617, 2021 WL 4951917 (D. Md. Oct. 25, 2021); *Open Text Corp v. Grimes*, 262 F. Supp. 3d 278, 287 (D. Md. 2017). Because the breach of contract alleged in the Complaint falls within the forum selection clause's broad scope ("all disputes, controversies, or difference arising in connection with the validity, execution, breach, non-renewal or termination of this Agreement" (ECF No. 1-2 p. 4)) and because the parties do not discuss the scope of the Agreement, the court does not address the scope inquiry.

5

clause and a choice-of-law provision, "the choice-of-law indicated gives context to the forum-selection clause." *Evans v. Cantor Insurance Group, LP*, No. GJH-21-617, 2021 WL 4951917 (D. Md. Oct. 25, 2021); *Albemarle*, 628 F.3d at 649.

In *Albemarle*, the Fourth Circuit found that an otherwise permissive forum selection clause was mandatory because the parties designated the English High Court as the forum and English law as the governing law. *Albemarle*, 628 F.3d at 651. The parties stipulated that under English law, when parties designated the English High Court as an appropriate forum, the designation was mandatory and exclusive. *Id*. In *Evans*, this court analyzed the scope of a forum selection clause through the context of a choice-of-law provision. 2021 WL 4951917 at *5. The court found that analysis regarding the scope of a forum selection clause was substantially the same under Fourth Circuit precedent and Delaware state law (the parties' chosen law); both dictated that the forum selection clause should be construed in accordance with its plain language meaning. *Id*.

Here, the Agreement's choice-of-law provision provides: "[t]he laws of the State of Ohio shall govern the validity and construction of this Agreement and any dispute arising out of or relating to this Agreement, without regard to the principles of conflict of laws." (ECF No. 1-2 § 15.16.) Therefore, in construing the forum selection clause, the court applies Ohio law to determine whether the forum is mandatory or permissive. *Albemarle*, 628 F.3d at 649.

Under both federal and Ohio law, the forum selection is mandatory, not permissive. A mandatory provision is one containing "clear language showing that jurisdiction is appropriate only in the designated forum." *Davis Media Grp., Inc. v. Best Western Int'l, Inc.*, 302 F. Supp. 2d 464, 467 (D. Md. 2004). Conversely, a permissive forum selection clause "permits jurisdiction in the selected forum without precluding it elsewhere." *Id*. Under Ohio law, courts consider whether the clause references venue and contains language that indicates parties' intent to make jurisdiction

6

exclusive and to forbid suits elsewhere. *Keehan Tennessee Invest., L.L.C. v. Praetorium Secured Fund I, L.P.*, 71 N.E.3d 325, 332 (Dec. 27, 2016).

Here, the forum selection clause provides that "[a]ll disputes, controversies or differences arising in connection with the validity, execution, performance, breach, non-renewal or termination of this Agreement shall be will be [sic] instituted only in the federal courts of the United States of America or the courts of the State of Ohio." (ECF No. 1-2 § 15.3) *See FindWhere Holdings, Inc. v. Systems Environmental Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010) (concluding that the phrase "any dispute or legal action ... shall lie exclusively in" rendered the forum selection clause mandatory). The clause also states "each Party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding." (ECF No. 1-2 § 15.3) *FindWhere Holdings, Inc.*, 626 F.3d at 755; *Keehan*, 71 N.E.3d at 332 ("a finding of mandatory may be supported, however, when the only factor that exists is language clearly indicating exclusivity").

The parties disagree over construction (*i.e.*, application) of the mandatory provision here. (ECF No. 15-1 p. 13.) Defendant argues "only in the federal courts of the United States of America or the courts of the State of Ohio" must be read to mean only in the courts of the United States of America in Ohio or the Courts of the State of Ohio. (ECF No. 15-1 p.8; ECF No. 23 p. 1.) Plaintiffs assert that the language clearly provides for exclusive jurisdiction in the federal courts of the United States or the Ohio state courts. (ECF No. 18 p. 7.)

In interpreting the language of a contract, both federal and Ohio law instruct courts to determine the intent of the parties as expressed in the language they chose to employ. *Dayton Outpatient Ctr., Inc. v. OMRI of Pensacola, Inc.*, 2014-Ohio-4105, 19 N.E. 3d 608, 612 ("The search for the parties' intended meaning begins with the contract itself. Their intent is presumed

7

to reside in the language they used."); *Gresham v. Lumbermen's Mut. Cas. Co.*, 404 F.3d 253, 260 (4th Cir. 2005) ("The purpose of contract interpretation is to determine and effectuate the intent of the parties, and the primary source for identifying this intent is the language of the contract itself").

The plain language of the Agreement evinces the parties' decision that the proper forum for disputes arising from the Agreement was the federal courts of the United States *or* the courts of the State of Ohio. Further, both Fourth Circuit and Ohio courts reject the argument that "of Ohio" modifies both "the federal courts of the United States" and "the courts of the State." *FindWhere Holdings, Inc.*, 626 F.3d at 756 ("forum selection clauses that use the term 'in [a state]' express the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named states, whereas forum selection clauses that use the term 'of [a state]' connote sovereignty, limiting jurisdiction over the parties' dispute to the state courts of the named state"); *S. Ohio Sand, LLC v. Preferred Proppants, LLC*, No.16-CVV-833, 2016 WL 1457931 (N.D. Ohio Apr. 14, 2016) ("A plain reading of the phrase 'Any legal suit...shall be instituted exclusively in the federal courts of the United States or the Courts of the State of Ohio,' indicates that a lawsuit would be acceptable in either court system").

In its reply, Defendant argues that under *Albermarle* and in light of an Ohio statute regarding forum selection clauses in construction contracts, this court must construe the forum selection clause to mean only federal and state courts in Ohio. In relevant part, the referenced Ohio statute reads:

> Any provision of a construction contract, agreement, understanding, specification, or other document or documentation that is made a part of a construction contract, subcontract, agreement, or understanding for an improvement, or portion thereof, to real estate in this state that requires any litigation, arbitration, or other dispute resolution process provided for in the construction contract, subcontract, agreement, or understanding to occur in another state is

8

> void and unenforceable as against public policy. Any litigation, arbitration, or other dispute resolution process provided for in the construction contract, subcontract, agreement, or understanding shall take place in the county or counties in which the improvement to real estate is located or at another location within this state mutually agreed upon by the parties.

OHIO REV. CODE § 4113.62(D)(2).

This court is not persuaded that section 4113.62(D)(2) applies to the Agreement and even if it did, applying the statute to invalidate the plain language of the forum selection clause exceeds the precedential value of *Albemarle* and *Evans*.

First, under the statute, a "construction contract" means "a contract or agreement for the design, planning, construction, alteration, repair, maintenance, moving, demolition, or excavation of a building, structure, highway, road, appurtenance, or appliance situated on real estate located in this state." OHIO REV. CODE § 4113.62(G)(5). On its face, the Agreement provides for "supplemental staffing services" and does not make reference to the type of labor Plaintiff's employees would engage in while temporarily placed with Defendant. Both parties also acknowledge that under the Agreement, some contracted workers worked on projects outside of Ohio. (ECF No. 1 ¶ 11.) Defendant argues that section 4113 renders its interpretation of the forum selection clause "the only legally enforceable construction possible" without first explaining how the section applies to the Agreement. (ECF No. 15-1 p. 13.)

Second, *Albemarle* and *Evans* applied the context of the choice-of-law provision to answer the "three-part test" to determine whether the forum selection clauses at issue were enforceable. *Evans*, 2021 WL 4951917 at *3. In *Albemarle*, the court read the otherwise permissive language of the parties' forum selection clause to be mandatory because the parties had agreed that English law would apply. *Albemarle*, 628 F.3d at 651. Thus the "context" provided by the choice-of-law provision was limited to answering the question whether the forum selection clause was mandatory

9

and thus enforceable. Further, the parties there had stipulated to the effect of the application of English law. *Id*. In *Evans*, the court looked to Delaware contract interpretation principles to help answer whether the parties' dispute fell within the scope of the forum selection clause and thus whether the forum selection clause was enforceable. *Id*. at *5.

Here, the parties have not stipulated to the effect of section 4113.62; nor does Defendant concede that the statute even applies to the Agreement. Moreover, like in *Evans*, the state and federal contract interpretation is "substantially the same." 2021 WL 4951917 at *5. Under both, this court should look to the parties' words to identify their intent. Defendant asks this court to apply section 4113.62(D)(2) to invalidate the language of the forum selection clause without showing that the section applies to the Agreement.

Finally, this court will give effect to the parties' mandatory forum selection clause only if it would not be unreasonable to do so. *Albemarle*, 628 F.3d at 651. A forum selection clause may be found unreasonable if:

> (1) [its] formation was induced by fraud or over-reaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [its] enforcement would contravene a strong public policy of the forum state.

*Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir.1996).

Neither party argues that the forum selection clause is unreasonable under these factors. Neither party presents any reason why enforcing the forum selection clause would contravene a strong public policy of Maryland, the forum state; and the court discerns none. In view of the valid forum selection clause designating the proper forum as the federal courts of the United States of America or in the courts of the State of Ohio, Defendant is subject to personal jurisdiction in the District of Maryland.

### B. Venue

Defendant additionally seeks to dismiss the Complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3).

"Where a contract contains a valid and enforceable forum-selection provision that stipulates the proper venue for all claims related to that contract, the parties to a contract dispute will be deemed to have consented to venue in the contractual forum." *Whiting-Turner Contracting Co. v. Westchester Fire Ins. Co.*, No. CIV. JFM-13-348, 2013 WL 3177881 (D. Md. June 20, 2013). For the reasons set forth above, venue is proper in this district because of the valid, enforceable forum selection clause requiring that this case be "instituted only in the federal courts of the United States of America or the courts of the state of Ohio." (ECF No. 1-2 p. 4.)

Defendant finally asks this court to transfer the case to the Northern District of Ohio pursuant to 28 U.S.C. § 1406(a). Section 1406(a) provides for transfer when a case is filed in the wrong venue. 28 U.S.C. § 1406(a). Because this court finds that venue is proper in the District of Maryland, this case shall not be transferred.

### IV. CONCLUSION

For the reasons set forth herein, by separate order, Defendant's Motion to Dismiss (ECF No. 15) shall be DENIED.

Date: November 14, 2024                              ____/S/_____
                                                     Julie R. Rubin
                                                     United States District Judge